**CLD-181**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1374
_____

IN RE:  AARON REED,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-19-cv-20071)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2020

Before: JORDAN, KRAUSE, and MATEY, Circuit Judges

(Opinion filed: May 7, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Petitioner Aaron Reed seeks a writ of mandamus in connection with an alleged delay in the adjudication of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. For the reasons that follow, we will deny the mandamus petition.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Reed must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He cannot make this requisite showing.

Reed pleaded guilty in the District Court for the Western District of Pennsylvania to a lesser included offense of conspiracy to distribute cocaine. He was sentenced in October 2016 to 96 months' imprisonment, with 18 months of the sentence to run concurrent to the 18-month state parole revocation sentence imposed as to the offense conduct. In November 2019, Reed filed a § 2241 petition in the New Jersey District Court claiming his due process rights were violated because the state was not honoring the intent of the federal sentencing court that the sentences run concurrently, and instead

2

had lodged a detainer against him, intending for him to serve his state sentence consecutively.

On February 26, 2020, absent action on his § 2241 petition or a response to a status inquiry letter that he filed with the District Court, Reed filed a mandamus petition with this Court alleging undue delay in the adjudication of his habeas petition and seeking an order directing the District Court to rule on it forthwith. An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Subsequent to the filing of the mandamus petition, the District Court entered an order on April 3, 2020, addressing the § 2241 petition. To the extent that Reed sought to challenge his state sentence, the District Court dismissed the petition without prejudice to his filing a habeas petition pursuant to 28 U.S.C. § 2254; to the extent Reed challenged the execution of his federal sentence, the Court ordered that a copy of the petition be served upon the Government and directed a response within 60 days. Because less than six months have passed since the petition was filed and it has been ruled on, in part, and the matter is now moving forward, we find no reason to grant the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). We have full confidence that the District Court will rule on

3

the remainder of the petition within a reasonable time.  Accordingly, we will deny the

mandamus petition.[1]

---

[1] To the extent that the mandamus petition can be liberally construed to request an order directing the District Court to provide the relief sought in the § 2241 petition, mandamus relief is not warranted because Reed may challenge the District Court's rulings after entry of final judgment.  See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal, and that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal").